UNITED STATES of America, Plaintiff–Appellee,

v.

Guadalupe DIAZ–CRUZ, Defendant–Appellant.

No. 13–50621.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 12, 2014.

Michelle Wasserman, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert Carriedo, Robert Carriedo Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Guadalupe Diaz–Cruz appeals from the district court's judgment and challenges the 36–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Diaz–Cruz contends that his sentence is substantively unreasonable because the court failed to grant a downward departure under U.S.S.G. § 4A1.3(b), which authorizes the district court to depart when the defendant's criminal history category overstates the seriousness of his criminal history. Our review of a district court's decision whether to depart under section 4A1.3 is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Ellis,* 641 F.3d 411, 421–22 (9th Cir.2011). The district court did not abuse its discretion in imposing Diaz–Cruz's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The record reflects that the court varied upwards from the parties' sentencing recommendation in light of Diaz–Cruz's history of driving under the influence and immigration violations. The sentence, 12 months above the top of the advisory Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).